# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ROBERT MATTHEW BROWN, et al.,

Plaintiffs,

v.

GREENPOINT MORTGAGE FUNDING, INC., et al.,

Defendants.

2:11-CV-1487 JCM (CWH)

### ORDER

Presently before the court is defendants Greenpoint Mortgage Funding, Inc. and Marin Conveyancing Corporation's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. #11). Defendants DLJ Mortgage Capital, Inc., Select Portfolio Servicing, Inc., and Quality Loan Service Corporation joined the motion to dismiss. (Docs. #14 and #15). Plaintiffs Robert Brown, et. al. filed an opposition. (Doc. #23). Defendants Greenpoint Mortgage Funding, Inc. and Marin Conveyancing Corporation filed a reply. (Doc. #26). DLJ Mortgage Capital, Inc. and Select Portfolio Servicing, Inc. joined the reply. (Doc. #28).

The property at issue in this case is located at 8217 Old Cistern Court, Las Vegas, Nevada. (Doc. #31). The case at bar is the third action filed by plaintiffs against the same defendants involving the same property. The first lawsuit was dismissed by Judge Hunt on May 20, 2011. (*Riley v. Greenpoint Mortgage Funding, Inc.*, Case No. 2:10-cv-01873-RLH-RJJ). Plaintiffs appealed this decision, and the appeal is currently pending at the Ninth Circuit. (*Riley v. Greenpoint*

**James C. Mahan**
**U.S. District Judge**

1 *Mortgage Funding, Inc.*, Ninth Circuit Case No. 11-16529). Additionally, plaintiff Dawn Brown
2 filed for Chapter 13 bankruptcy on June 20, 2011. (*Riley v. Greenpoint Mortgage Funding, Inc.*,
3 Bankruptcy Adversary Case No. 11-01173; *In re Dawn Brown*, Case No. 11-19663). The
4 bankruptcy judge expressed concern that some of the claims in the bankruptcy proceeding were
5 duplicative of the prior lawsuit dismissed by Judge Hunt. The bankruptcy proceeding was
6 subsequently dismissed. Finally, plaintiffs filed the instant lawsuit in state court on September 9,
7 2011. In this lawsuit, plaintiffs allegedly assert a "new" claim of wrongful foreclosure. (Doc. #31).

8 Defendants argue that plaintiffs' claims are barred by both claim and issue preclusion. In
9 response, plaintiffs assert that there is no final decision in the first lawsuit because the appeal is
10 pending before the Ninth Circuit. Plaintiffs cite no authority for the proposition that an appeal of
11 a final order suspends the operation of a final judgment for *res judicata* purposes.

12 Claim preclusion applies when "the earlier suit . . . (1) involved the same claim or cause of
13 action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties
14 or privies." *Sidhu v. Flecto Co., Inc.*, 279 F.3d 896, 900 (9th Cir. 2002). In federal court, "the
15 pendency of an appeal does not suspend the operation of an otherwise final judgment for purposes
16 of *res judicata*." *Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1439 (9th Cir. 1985). Claim preclusion
17 "bars litigation in a subsequent action of any claims that . . . could have been raised in the prior
18 action." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001).

19 The case at bar asserts four claims. (Doc. #1). Three of these claims are identical to the
20 claims adjudicated in the first lawsuit. The only allegedly "new" claim asserted in the instant lawsuit
21 is a NRS 107.080(5) improper notice claim. The factual allegations and legal background for this
22 claim were present when Judge Hunt dismissed the first action. Claim preclusion bars claims that
23 "could have been raised in the first action." *Owens*, 244 F.3d at 714. The first claim preclusion
24 requirement is met here.

25 The second claim preclusion requirement is met in this case. Judge Hunt reached a final
26 judgement on the merits in the prior action when he dismissed the action for failure to state a claim.
27 A Rule 12(b)(6) dismissal is a final judgment on the merits. *See* FED. R. CIV. P. 41(b). Plaintiffs'

28

**James C. Mahan
U.S. District Judge**

- 2 -

1   appeal of the dismissal order in the first suit does not "suspend the operation of . . . [the] final
2   judgment for purposes of *res judicata*." *Eichman*, 759 F.2d at 1439.
3        The final requirement for claim preclusion is also met. The first lawsuit and the case at bar
4   involve identical parties or privies. In addition to the plaintiffs in this lawsuit, the first lawsuit
5   included one other plaintiff, Lorraine Riley. Ms. Riley passed away before the instant suit was filed.
6   However, the plaintiffs in the case at bar are her alleged successors in interest. Therefore, the parties
7   here are identical or in privity with the parties to the first lawsuit.
8        Plaintiffs' claims in the case at bar are barred by claim preclusion. Plaintiffs have failed to
9   state a claim upon which relief can be granted.
10       Accordingly,
11       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to
12  dismiss (doc. #11) be, and the same hereby is, GRANTED.
13       IT IS FURTHER ORDERED that defendants DLJ Mortgage Capital, Inc. and Select
14  Portfolio Servicing, Inc.'s motion to expunge lis pendens (doc. #30) be, and the same hereby is,
15  GRANTED.
16       IT IS FURTHER ORDERED that plaintiffs Robert Brown, et. al.'s motion for temporary
17  restraining order and preliminary injunction (doc. #31) be, and the same hereby is, DENIED as moot.
18       DATED November 15, 2011.

                                                   */s/ James C. Mahan*
                                            **UNITED STATES DISTRICT JUDGE**